

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING<br>BRUSSELS<br>CENTURY CITY<br>HONG KONG<br>LONDON<br>LOS ANGELES<br>NEWPORT BEACH | Times Square Tower<br>7 Times Square<br>New York, New York  10036<br><br>TELEPHONE  (212) 326-2000<br>FACSIMILE  (212) 326-2061<br>www.omm.com | SAN FRANCISCO<br>SHANGHAI<br>SILICON VALLEY<br>SINGAPORE<br>TOKYO<br>WASHINGTON, D.C. |

August 16, 2011

OUR FILE NUMBER

**VIA ECF AND FACSIMILE (718) 613-2365**

WRITER'S DIRECT DIAL
(212) 326-2131

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
United States Courthouse
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11201-1818

WRITER'S E-MAIL ADDRESS
seftekhari@omm.com

      Re:    ***Zimmerman v. Poly Prep Country Day School,***
              ***USDC, EDNY Case No. 09 Civ. 4586 (FB) (CLP)***

Dear Judge Pollak:

      We respond briefly to Plaintiffs' August 16, 2011 letter requesting permission to file a motion for sanctions under Federal Rule of Civil Procedure 11 against our clients Poly Prep Country Day School, William M. Williams, David B. Harman, and certain members of the Poly Prep Board of Trustees currently unknown and identified by Plaintiffs as "James Doe I-XXX" (collectively, "Poly Prep Defendants"). As we notified the Court on August 15, Plaintiffs' counsel is threatening yet another motion based on Rule 11 and other grounds.

      We respectfully submit that the Court should deny Plaintiffs' request as it is procedurally improper and would needlessly burden the Court with yet another motion on the very same issues. Plaintiffs' request is improper for several reasons.

      First, Plaintiffs have violated the procedural requirements of Rule 11(c)(2). As Plaintiffs acknowledge in their August 16 letter, they served a "Rule 11 notice letter" on the Poly Prep Defendants on July 24. They cannot rely on the safe harbor provision of Rule 11(c)(2) because that provision applies to service of a <u>motion</u>, not a "notice letter." *See* Fed. R. Civ. P. 11(c)(2) ("A <u>motion</u> for sanctions . . . must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.") (emphasis added); *see also* Advisory Committee Comments, 1993 Amendments, Subdivisions (b) and (c) ("The motion for sanctions is not, however, to be filed until at least 21 days . . . after being served. . . . To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to

O'MELVENY & MYERS LLP
Honorable Cheryl L. Pollak, August 16, 2011 - Page 2

violate the rule, the revision provides that the 'safe harbor' period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation <u>before proceeding to prepare and serve a Rule 11 motion</u>.") (emphasis added).

Second, Rule 11 is simply inapplicable to discovery papers.[1] Plaintiffs suggest that this Court can sanction the Poly Prep Defendants for assertions in their opposition and sur-reply to Plaintiffs' 2010 spoliation motion seeking additional discovery because in that motion Plaintiffs sought spoliation sanctions pursuant to Rule 37 and the Court's inherent authority. This is a specious argument. Plaintiffs' spoliation motion, which sought additional discovery, invoked Rule 37 of the Federal Rules of Civil Procedure to allow Plaintiffs to take additional depositions and related discovery.[2] As the Advisory Committee's comments to Rule 11(d) explain, the rule does not apply to discovery because Rules 26 through 37 contain their own "certification standards and sanctions that apply to discovery disclosures, requests, responses, objections, and motions" and "[i]t is appropriate that Rules 26 through 37, which are specially designed for the discovery process, govern such documents and conduct rather than the more general provisions of Rule 11."[3] Therefore, Plaintiffs may not move for Rule 11 sanctions for the Poly Prep Defendants' assertions in their briefs in response to a spoliation motion that sought relief under Rule 37, even if they also labeled their motion as one seeking relief under the Court's inherent authority.

In light of the glaring procedural deficiencies, a motion for Rule 11 sanctions would be procedurally improper, and Plaintiffs' request should be denied. Moreover, as previously noted, Plaintiffs' continuing threats of sanctions are based on meritless and frivolous accusations and may be subject to sanctions on those grounds.

Respectfully submitted,

*Shiva Eftekhari*
Shiva Eftekhari
for O'MELVENY & MYERS LLP

cc: Kevin T. Mulhearn, Esq.
Jeffrey I. Kohn, Esq.
Howard Heiss, Esq.
Concepcion Montoya, Esq.
Harry Petchesky, Esq.
David Trachtenberg, Esq.

---

[1] *See* Fed. R. Civ. P. 11(d).

[2] *See* Plaintiffs' Memorandum of Law in Support of Their Motion for Sanctions for Spoliation and/or Fraud upon the Court, or, in the Alternative, Leave to File a Second Amended Complaint (July 26, 2010) at 2.

[3] Advisory Committee Comments, 1993 Amendments, Subdivision (d).