**KEVIN T. MULHEARN, P.C.**
ATTORNEYS AT LAW

60 DUTCH HILL ROAD, SUITE 8
ORANGEBURG, NEW YORK 10962

KEVIN T. MULHEARN
DAN COZZI*
*ALSO ADMITTED IN NJ

TEL: 845-398-0361
FAX: 845-398-3836
EMAIL: KMULHEARN@KTMLAW.NET
WWW.MULHEARNLAW.COM

**VIA FAX & ECF**

December 13, 2011

Hon. Cheryl L. Pollak
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   **Zimmerman, et al. v. Poly Prep, CDS, et al. – 09-cv-4586 (FB)(CLP)**
      **The Court's December 9, 2011 Order re Mandated ECF Filing**

Dear Judge Pollak:

I write in brief response to the December 12, 2011 letter of Defendants' counsel, Jeffrey I. Kohn, Esq., with respect to the Court's December 9, 2011 Order.

Plaintiffs can and will comply with the Court's December 9, 2011 Order. While Plaintiffs certainly share Defendants' counsel's desire to protect the anonymity of sexual abuse victims who do not want to be identified, the Court's suggested procedure (redaction of all sensitive information by the filing party) is workable. To ensure that no identifying information is filed inadvertently, I will personally and painstakingly review every page and every line of every document which Plaintiffs will file via ECF. I seek but one accommodation: that the Court permit Plaintiffs to ECF file all documents, with all necessary redactions, on Monday, December 19, 2011. This extra weekend will allow me to do another careful review of all documents before they are filed (with necessary redactions).

Defendants reference the Second Amended Complaint, dated July 14, 2011, and argue that allegations against Steven Andersen and Ralph Dupee with respect to possible perjury should be stricken. This is a red herring, as Plaintiffs have already done so; the Revised Second Amended Complaint, dated October 28, 2011 and filed under seal on December 1, 2011, omits any and all references to any alleged perjurious statements of both Mr. Andersen and Mr. Dupee. All claims against these individuals, moreover, have been withdrawn with prejudice. Also, as the Second Amended Complaint has been superseded by the Revised Second Amended Complaint, unless the Court directs otherwise, there is no reason for Plaintiffs to file the Second Amended Complaint via ECF.

The Revised Second Amended Complaint does contain allegations of perjury against Defendants William M. Williams, David Harman, and Harry Petchesky (paras. 284-285). Plaintiffs stand by these allegations. Defendants' recent statements to the media, indeed, illuminate the patent falsity of the statements made under oath by these Defendants.

On November 21, 2011, Poly Prep sent a letter to all of their alumni which attempted to distinguish this case from the "unfolding story of the tragedy at Penn State." Mr. Harman, *inter alia*, stated therein that Mr. Williams took the actions he did in 1991 "in the belief that he was protecting the confidentiality that he understood the alumnus [David Hiltbrand] had requested." Mr. Hiltbrand, obviously, was deeply offended by this false characterization of his 1991 conversation with Mr. Williams.

Even more egregiously, on December 6, 2011, Mr. Williams was quoted in the Wall Street Journal, a newspaper with a worldwide circulation, as follows: "I'm sorry people have been hurt, if that's what's alleged. I wouldn't want any boy to be hurt." (Emphasis added).

So, Mr. Williams, in the face of the specific allegations of the pleadings in this case, and contrary to his deposition testimony, has proclaimed to the world that he is not even aware of whether any Poly boys are claiming that they were hurt during his tenure as Headmaster (1970 to 2000). The old adage – "a lie is halfway around the world before the truth gets its boots on" – is thus both literally and figuratively true in this case.

Defendants' request to keep all exhibits filed with Plaintiffs' motions under seal is likewise without merit. Defendants propose that this Court order all documents, including the Sheridan Declaration and various deposition transcripts, many of which contain no victim identifying information, to be kept under seal. For the reasons set forth in Plaintiffs' August 23, 2011 letter, Defendants' proposed broad application of the Court's sealing power would substantially diminish the necessary "transparency" for this litigation. See U.S. v. Aref, 533 F.3d 72, 83 (2nd Cir. 2008).

Finally, please be advised that the events of the last few weeks, notably Poly Prep's continued deceit and dissembling, have caused my clients to suffer extreme emotional distress and pain and suffering. What's more, Poly Prep and its defenders, in an ongoing effort to spin this story away from their own culpability, continue to denigrate the integrity of Plaintiffs, this Court, and Your Honor.

A more open and transparent review of the issues of this case, which the Court's December 9, 2011 Order mandates, will serve well both the parties to this case and the public interest.

Thank you for your consideration of these issues.

Sincerely,

KEVIN THOMAS MULHEARN

KTM/mmi

cc: Jeffrey I. Kohn, Esq.
Concepcion A. Montoya, Esq.
Harry Petchesky, Esq.