UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES ZIMMERMAN, PHILIP CULHANE,
DAVID HILTBRAND, WILLIAM JACKSON,
GEORGE ZAROU, JOHN JOSEPH
PAGGIOLI, "JOHN DOE II," "JOHN DOE III,"
and "JOHN DOE IV,"

        Plaintiffs,

  - against -                             **O R D E R**

POLY PREP COUNTRY DAY SCHOOL,        09 CV 4586 (FB)
WILLIAM M. WILLIAMS, DAVID B.
HARMAN, AND VARIOUS MEMBERS OF
THE POLY PREP BOARD OF TRUSTEES,
WHOSE NAMES ARE CURRENTLY
UNKNOWN AND THUS DESIGNATED AS
"JAMES DOES I-XXX,"

        Defendants.
------------------------------------------------------------X

By Order dated December 9, 2011 and in light of the parties' disregard for the Court's previous orders regarding the filing of documents under seal, the Court Ordered that

> on December 16, 2011, the Court will order unsealed and regularly docket on ECF all documents filed between July 27, 2011 and December 9, 2011, the date of this Order, unless, on or before December 16, 2011, the filing party: (1) submits a letter to the Court showing good cause why sealing is required, or (2) files a redacted version of the document on ECF, redacted only insofar as it is necessary to protect victims who wish to remain anonymous by removing identifying information.

(12/9 Order[1] at 2-3). By letter dated December 13, 2011, plaintiffs stated that they would file

---

[1] Citations to "12/9 Order" refer to the Court's Order regarding sealing, issued December 9, 2011.

1

redacted versions of their papers on ECF. (Pls.' 12/13 Ltr.[2] at 1).

By letter dated December 12, 2011, defendants explained that they are primarily concerned with the potential unsealing of discovery documents, specifically deposition transcripts that plaintiffs have attached to their Second Amended Complaint. (Defs.' 12/12 Ltr.[3] at 1). Defendants claim that the transcripts "are replete with sensitive and confidential information," including "names and descriptions of alleged victims of sexual abuse . . . ." (Id.) With respect to pending motions, defendants included Exhibit A to their letter, a chart identifying specific exhibits to plaintiffs' motion filings that defendants believe should remain under seal. (Id. at 2). For each document listed in Exhibit A, defendants provide a "basis for confidentiality designation." (Id., Appendix A). One of the most common bases provided in their chart is that the document is "work product and was produced under a limited waiver." (Id.)

By Order dated December 14, 2011, the Court Ordered the defendants to "to provide legal authority for their proposition that documents and testimony provided to plaintiffs under a 'limited waiver' or a 'privilege waiver' should be filed under seal" and to "show cause why the documents they filed under seal between July 27, 2011 and December 9, 2011 require sealing." By letter dated December 15, 2011, defendants reply that they "see no issue with publicly filing [their] briefing and correspondence with the Court subject to review for 'identifying information;'" however, they insist that "discovery material" attached to defendants' filings must

---

[2]Citations to "Pls.' 12/13 Ltr." refer to plaintiffs' letter to the Court, dated December 13, 2011.

[3]Citations to "Defs.' 12/12 Ltr." refer to defendants' letter to the Court, dated December 12, 2011.

2

remain under seal. (Def.'s 12/15 Ltr.[4] at 3). Defendants Robert F. Herrmann and Harry J. Petchesky also submitted letters to the Court providing their positions regarding the sealing of documents containing allegations against them.

For the foregoing reasons, the Court Orders plaintiffs to: (1) file publicly plaintiffs' Second Amended Complaint, redacted only insofar as it contains confidential information; (2) file under seal the discovery documents appended to the Second Amended Complaint; (3) file publicly versions of discovery material included with their motion filings, redacted only insofar as they contain confidential information; (4) file publicly claims pertaining to defendants Herrmann and Petchesky, regardless of whether those claims have been withdrawn, redacted only insofar as they contain confidential information. In addition, defendants are Ordered to file publicly their briefing and correspondence, redacted only insofar as they contain confidential information. All references to "confidential information" refer to the definition of "confidential information" set forth in Section 7 of the Court's July 13, 2010 Protective Order.

## DISCUSSION

### A. Legal Standard

"There is a strong presumption of public access to judicial records that is 'based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice.'" Pall Corp. v. 3M Purification, Inc., 764 F. Supp. 2d 478, 479 (E.D.N.Y. 2011) (quoting General Media, Inc. v. Shooker, No. 97 Civ. 510, 1998 WL

---

[4]Citations to "Defs.' 12/15 Ltr." refer to defendants' letter to the Court, dated December 15, 2011.

401530, at *12 (S.D.N.Y. July 14, 1998) (internal citations omitted)). "'Judicial documents,' entitled to a presumption of public access, are 'item[s] filed [with the court that are] relevant to the performance of the judicial function and useful in the judicial process.' These may include documents that have been sealed." S.E.C. v. TheStreet.Com, 273 F.3d 222, 231 (2d Cir. 2001) (citing United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)). "With respect to all judicial documents, however, we held that, 'it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document . . . .'" (Id.)

"The same presumption of access does not apply, however, to information exchanged by parties during discovery." Pall Corp. v. 3M Purification, Inc., 764 F. Supp. 2d at 479 (internal citations omitted). In addition, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access . . . . [T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995). For example, "[w]here the information gained during discovery is offered in support of or in opposition to a dispositive motion, . . . a qualified right of public access exists." Pall Corp. v. 3M Purification, Inc., 764 F. Supp. 2d at 479 (internal citations omitted).

Where the presumption of access applies, "the weight of the presumption will vary according to the relative importance of that particular judicial document in the adjudication of the litigant's rights." Id. at 479 (citing General Media, Inc. v. Shooker, 1998 WL 401530, at *12). "Generally, the information will fall somewhere on a continuum from matters that directly affect

4

an adjudication to matters that come within a court's purview solely to insure their irrelevance." United States v. Amodeo, 71 F.3d at 1049. "[A]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it.' Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006) (citing United States v. Amodeo, 71 F.3d at 1050).

B. Analysis

    1. Discovery Documents

Defendants argue that "the discovery materials produced (and appended in great volume to Plaintiffs' discovery motions and Revised Second Amended Complaint) are not 'judicial documents' subject to the presumption of public access in the first place . . . regardless of the documents' content." (Defs.' 12/15 Ltr. at 1). Defendants also argue that several exhibits filed by plaintiffs were "subject to a limited waiver of privilege," and argue on that basis that they retain their privileged quality even when attached to plaintiffs' motions. (Id. at 2). However, defendants cite no legal authority in support of their argument that these documents are "subject to a limited waiver privilege." Rather, they only cite to the court's opinion in The Diversified Group, Inc. v. Daugeras, where the court appointed a Special Master to examine the summary judgment papers and redact portions that were subject to the attorney-client privilege. 217 F.R.D. 152, 162 (S.D.N.Y. 2003). In that case, the dispute was between plaintiff and its tax attorney and confidential attorney-client communications and proprietary information between

5

the parties were central to the case. Although the court found good cause for the entry of a protective order in that case, the Court ordered certain documents unsealed. Although defendants here rely on that case for the proposition that a limited waiver of the privilege exists, this case is clearly distinguishable. There both parties – the client and the attorney – were entitled to see the documents under the Court's assumption that there was an attorney-client relationship between them. The limited waiver was as to the court and the public to the extent the documents were considered judicial documents. Here, there is no attorney-client relationship with plaintiffs and the disclosure of these items constitutes a waiver.

With respect to the discovery documents incorporated and attached as exhibits to plaintiffs' Second Amended Complaint, the Court finds that these discovery materials are not judicial documents entitled to a presumption of access. See United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995). Therefore, the Court Orders that the documents appended to the Second Amended Complaint remain filed under seal; the Court sees no reason to maintain the Second Amended Complaint under seal except to the extent that it references the names of victims who wish to remain anonymous and claims plaintiffs have withdrawn. Therefore, the names and identifying information of victims who wish to remain anonymous should be redacted.

However, with respect to the discovery documents incorporated and attached as exhibits to plaintiffs' discovery motions, these documents are necessary for the Court's analysis of the issues. Therefore, the Court finds that the circumstances warrant a different result. As these discovery documents have been incorporated into plaintiffs' motions, the Court finds that they are subject to a presumption of access. Balancing the presumption of access against the countervailing concerns raised by defendants – namely, the protection of the identities of victims

and the privileged nature of certain discovery materials – the Court finds that any countervailing concerns can be addressed by the proper redaction of confidential information from these filings. Accordingly, the Court Orders plaintiffs to redact all confidential information, as defined in the Protective Order (see Protective Order[5] ¶ 7), and otherwise publicly file on ECF all papers submitted in connection with these motions.

### 2. Claims against Robert F. Herrmann

By letter dated December 15, 2011, defendant Robert F. Herrmann claims that "[i]n their recent opposition to Mr. Herrmann's motion to dismiss, plaintiffs withdrew all but a single state-law claim against him." (Herrmann's 12/15 Ltr.[6] at 1). Herrmann requests that the Second Amended Complaint and "any references in other documents to those withdrawn allegations" remain under seal, arguing that he should not "be burdened in a court by strident charges that have been abandoned." (Id. at 2).

Plaintiffs have agreed "to redact all withdrawn claims in the Revised Second Amended Complaint which refer to Mr. Herrmann and his alleged acts and/or omissions, other than the averments pertaining to Plaintiffs' common law fraud claim. . . ." (Pls.' 12/16 Ltr.[7] at 2). Despite plaintiffs' agreement to redact the withdrawn claims, the Court finds that the fact that these claims have been withdrawn does not constitute a basis for sealing or redacting those

---

[5] Citations to "Protective Order" refer to the Protective Order, dated July 13, 2010.

[6] Citations to "Herrmann's 12/15 Ltr." refer to defendant Robert F. Herrmann's letter to the Court, dated December 15, 2011.

[7] Citations to Pls.' 12/16 Ltr." refer to plaintiffs' letter to the Court, dated December 16, 2011.

claims. Therefore, the Court Orders plaintiffs to file publicly all documents referencing these claims, redacted only insofar as they contain confidential information.

### 3. Claims against Harry J. Petchensky

By letter dated December 16, 2011, defendant Harry Petchesky "join[s defendants'] application that the documents filed in this action remain under seal." (Petchesky's 12/16 Ltr.[8] at 1). In addition, Petchesky claims that plaintiffs withdrew all of their common law claims against him in footnote 2 on page 3 of their memorandum of law in opposition to defendants' motion to dismiss. (Id.) Accordingly, he asks the Court to "dismiss all the common law claims against [him]." (Id.)

In their reply to Mr. Petchensky's letter, plaintiffs claim that they did not intend to withdraw the majority of their claims against Petchensky. (Pls.' 12/19 Ltr.[9] at 1). Rather, plaintiffs' original emailed memorandum contained a typographical error, which plaintiffs alleged they corrected only hours later and indicated to defendants that they "withdraw only their 'common law fraud' claims against Poly Prep Defendants." (Id.)

This Court will not consider Mr. Petchesky's request for the Court to dismiss the common law claims against him; such a request must be made to the district court and in compliance with the Honorable Frederick Block's individual rules. However, as with the claims against Mr. Herrmann that have been withdrawn, the Court finds no basis for sealing or redacting

---

[8] Citations to "Petchesky's 12/16 Ltr." refer to Harry J. Petchesky's letter to the Court, dated December 16, 2011.

[9] Citations to "Pls.' 12/19 Ltr." refer to plaintiffs letter to the Court, dated December 19, 2011.

8

the claims against defendant Petchesky and Orders plaintiffs to file publicly all documents referencing these claims, redacted only insofar as they contain confidential information.

**SO ORDERED.**

Dated: Brooklyn, New York
January 3, 2011

/s/   CHERYL

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

9