**KEVIN T. MULHEARN, P.C.**
ATTORNEYS AT LAW

60 DUTCH HILL ROAD, SUITE 8
ORANGEBURG, NEW YORK 10962

KEVIN T. MULHEARN

DAN COZZI*
*ALSO ADMITTED IN NJ

TEL: 845-398-0361
FAX: 845-398-3836
EMAIL: KMULHEARN@KTMLAW.NET
WWW.MULHEARNLAW.COM

**VIA ECF & REGULAR MAIL**

January 13, 2012

Hon. Frederic Block
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   **Zimmerman, et al. v. Poly Prep, CDS, et al. – 09–CV–4586 (FB) (CLP)**

Dear Judge Block:

In compliance with Your Honor's Individual Practice Rules, Plaintiffs respectfully request permission for a pre-motion conference for leave to amend the Second Amended Complaint, pursuant to FRCP 15.

If Plaintiffs' requested motion is granted, Plaintiffs will amend their pleading to: (1) assert claims of John Doe X, who was repeatedly and viciously assaulted and raped at Poly Prep (from 1970 to 1977); and (2) assert claims for each of the Plaintiffs (other than William Jackson) against Poly Prep, CDS, for violating Title IX, 20 U.S.C. § 1681 (a) (1972).

Title IX provides in pertinent part that:

> No persons in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

Under Title IX, a subject school will incur liability if it is: (1) deliberately indifferent, (2) to known acts of discrimination, (3) which occur under its control. Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 642 (1999). Specifically, the school's "deliberate indifference must either directly cause the abuse to occur or make students vulnerable to such abuse, and that abuse must take place in a context subject to the [school's] control." Id. at 645.

Title IX provides a private cause of action against a recipient of federal funds for discrimination based on sex, Cannon v. Univ. of Chicago, 441 U.S. 677, 708-09 (1979), and sexual harassment and sexual abuse clearly constitute discrimination under Title IX. Franklin v. Gwinnett County Public Schools, 503 U.S. 60, 75 (1992); see also, Bliss v. Putnam Valley Central School District, 2011 WL 1079944, *5 (SDNY 2011) (a single sexual assault constitutes severe and objectively offensive sexual harassment for Title IX purposes); Tesoriero v. Syosset Central School District, 382 F. Supp.2d 387, 396 (EDNY 2005) (a Title IX plaintiff must show that an official of the school who has authority to institute corrective measures on the school's behalf had actual notice of, and was deliberately indifferent to, the teacher's misconduct); Zamora v. North Salem Central School District, 414 F. Supp.2d 418, 424 (SDNY 2006) (Title IX's actual notice standard satisfied "by knowledge of a 'substantial risk of serious harm' in a context where … multiple prior allegations of sexual abuse were lodged against a teacher …, so that his proclivities for such abuse were well known.").

The facts of this case clearly meet Title IX's threshold pleading standards, as Plaintiffs have already pleaded multiple instances of actual knowledge of its high-level administrators (i.e., Scull, Williams, Parker) of multiple prior allegations of sexual abuse against Mr. Foglietta. See also, Tesoriero, 382 F. Supp.2d at 398 (deliberate indifference may be found when defendant's response to known discrimination is clearly unreasonable in light of the known circumstances; issue is "often … a fact-laden question, for which bright lines are ill-suited.")(internal quotations omitted).

Although most Title IX cases involve public schools, "Title IX [also] regulates private schools who choose to receive federal funding." Litman v. George Mason Univ., 5 F. Supp.2d 366, 373 (ED Va. 1998). Absent full discovery, Plaintiffs do not have sufficient information to establish whether Poly Prep has ever received direct federal funding during the applicable periods. Plaintiffs, nevertheless, may invoke Title IX against Poly Prep because it is a tax exempt institution [1] and thus an indirect recipient of federal financial assistance.

The Eleventh Circuit Court of Appeals, in M.H.D. v. Westminster Schools, 172 F.3d 797, 802 (11th Cir. 1999), addressed this precise issue. The lower court had rejected plaintiff's claim that a private school's tax-exempt status constituted "federal financial assistance" so as to make it subject to Title IX. Id. at 801-02. The Eleventh Circuit held, however, that the district court had jurisdiction to entertain the controversy because plaintiff's Title IX claim was "neither immaterial nor wholly frivolous." Id. at 802.

---

[1] Tax Exempt World.com (www.taxexemptworld.com/organizations/brooklyn_ny_11228.asp) indicates that Poly Prep, CDS, became a tax exempt institution in January, 1946).

2

The M.H.D. Court cited several cases which bolstered plaintiff's argument that an exemption from federal taxes produced the same result as a direct federal grant – the school possessed funds that otherwise would belong to the Government. Id. (citing, McGlotten v. Connally, 338 F. Supp. 448, 461 (D.D.C. 1972) (a tax exemption constituted "federal financial assistance" in the context of Title VI; as M.H.D. noted, because Title IX was modeled after Title VI (see, Cannon, 441 U.S. at 695-96), McGlotten supports plaintiff's position); Fulani v. League of Women Voters Educ. Fund, 684 F. Supp. 1185, 1192 (SDNY 1988) (court concluded that defendant received "federal financial assistance" within the meaning of both Title VI *and Title IX* because it received both direct grants and tax-exempt status) (emphasis in original)).

Because Congress did not provide a statute of limitations for Title IX, the most closely analogous statute of limitations under state law governs the federal cause of action. Reed v. U.S. Trasp. Union, 488 U.S. 319, 323 (1989). As courts have generally agreed that a Title IX claim for damages is most closely analogous to a common law action for personal injury, see Curto v. Edmundson, 392 F.3d 502, 503-04 (2nd Cir. 2004), cert. denied, 545 U.S. 1133 (2005), in this case this Court should borrow New York CPLR § 214 (5)'s three year statute of limitations for personal injuries.

Federal law governs the determination of the point at which the limitations period begins to run on a Title IX suit. When, as in this case, the defendant fraudulently conceals its own wrongdoing, "the time does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action." Keating v. Carey, 706 F.2d 377, 382 (2nd Cir. 1982).

Thus, a "plaintiff with knowledge of one claim but deprived of information critical to another claim may still invoke these tolls [as cited above in Keating] to save the claims about which he could not have known." Yeadon v. NYC Transit Auth., 719 F. Supp. 204, 209 (SDNY 1989) (citing, Barrett v. U.S., 689 F.2d 324, 329-30 (2nd Cir. 1982), cert. denied, 462 U.S. 1131 (1983) ("any plaintiff who is blamelessly ignorant of the existence or cause of his injury should be accorded the benefits of the more liberal accrual standard.")(emphasis is added)).

Based on this framework, and for the reasons set forth in Plaintiffs' briefs in opposition to Defendants' motions to dismiss, Plaintiffs' Title IX claims will be timely. As previously stated in Plaintiffs' memoranda, Defendants' prolonged self-concealing fraud and concealment prevented Plaintiffs from reasonably ascertaining that Poly Prep and its agents – not just Mr. Foglietta – had engaged in wrongful conduct towards them.

FRCP 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires." See also, Gumer v. Shearson, Hammill & Co., 516 F.2d 283, 287 (2nd Cir. 1974). Only "undue delay, bad faith, or dilatory motive on the part of the movants, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of the amendment" will serve to prevent an amendment prior to trial. Forman v. Davis, 371 U.S. 178, 182 (1962).

3

Here, no such infirmity infects Plaintiffs' proposed amended pleading. The facts raised in Plaintiffs' proposed Title IX claims overlap all facts which comprise Plaintiffs' Civil RICO and state law claims, so there can be no surprise. Defendants have neither answered Plaintiffs' pleading, nor conducted any discovery of Plaintiffs. Numerous key facts pertaining to Poly Prep's officials' alleged actual knowledge of (and deliberate indifference to) Mr. Foglietta's proclivities for sexual abuse could not have been ascertained by Plaintiffs until they conducted their limited pre-motion discovery in this case, and some highly relevant facts were not even learned until the last few months.

Defendants, indeed, who repeatedly (and falsely) proclaimed in this case that no one at Poly Prep had any actual knowledge of sexual abuse complaints against Mr. Foglietta until David Hiltbrand's February, 1991 letter, cannot reasonably claim any undue prejudice simply because Plaintiffs can now debunk their "no knowledge prior to 1991" claims with an abundance of evidence gleaned from Poly Prep's own agents.

Finally, Plaintiffs' proposed amended pleading and assertion of Title IX claims should not inhibit Your Honor from deliberating and ruling on Defendants' pending motions to dismiss the Second Amended Complaint. If the Court is so inclined, Plaintiffs have no objections to discussing the issued raised herein, and their contemplated motion, with Your Honor during the February 3, 2012 oral argument on those fully submitted motions.

Thank you for your consideration of this request.

Very best regards,

KEVIN THOMAS MULHEARN (KM 2301)

KTM/sar

cc: Hon. Cheryl L. Pollak
    Jeffrey I. Kohn, Esq.
    Concepcion A. Montoya, Esq.
    Harry Petchesky, Esq.