

# O'MELVENY & MYERS LLP

**BEIJING**
**BRUSSELS**
**CENTURY CITY**
**HONG KONG**
**LONDON**
**LOS ANGELES**
**NEWPORT BEACH**

Times Square Tower
7 Times Square
New York, New York 10036

TELEPHONE  (212) 326-2000
FACSIMILE  (212) 326-2061
www.omm.com

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

OUR FILE NUMBER
677455-00001

April 2, 2012

WRITER'S DIRECT DIAL
(212) 326-2067

## VIA FAX

WRITER'S E-MAIL ADDRESS
jkohn@omm.com

Hon. Cheryl L. Pollak
United States Magistrate Judge
United States District Court
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:**   *Zimmerman v. Poly Prep Country Day School,*
> *USDC, EDNY Case No. 09-CV-4586 (FB)(CLP)*

Dear Judge Pollak:

We thank the Court for its assistance with the settlement efforts that are being undertaken and remain hopeful that the process will continue with the Court's guidance and with commitment from all parties. Poly Prep remains committed to the agreed-upon framework. As Plaintiffs know from multiple communications, and as Poly Prep's and one insurer's counsel explained to the Court on March 28, the participation of insurers is indispensable and imposes a temporal framework on settlement discussions that Poly Prep cannot control. Poly Prep is working diligently to engage its insurers, has promptly notified the insurers of the Court's March 28 Order as directed by the Court, and will continue to keep Plaintiffs apprised of its progress. Nothing has changed since counsel for the insurer and Poly Prep advised the Court of the timeline for insurance interviews at the February 29, 2012 conference, other than the addition of new Plaintiffs to this action in March.

On Thursday evening we received Plaintiffs' March 29, 2012 letter. We understood from the Court that Plaintiffs wanted the Court to schedule oral argument on one of their discovery motions, and we responded to that point at the March 28 conference. But Plaintiffs' letter goes too far and is now dictating the terms and manner of proceeding, and to that we must respond.

First, Plaintiffs ask that the Court set an oral argument date on its motion for fraud on the Court. Should Plaintiffs wish to engage in continued litigation, we certainly have no problem with the Court once and for all resolving Plaintiffs' two discovery motions, which we have vigorously opposed because we believe that both the legal premises and the relief sought are unprecedented and unprincipled, and questionable litigation tactics at best. Nevertheless, should

O'MELVENY & MYERS LLP

Hon. Cheryl L. Pollak, April 2, 2012 - Page 2

the Court wish to schedule oral argument at Plaintiffs' request in May or otherwise, then *both motions need to be argued* and be put to rest for the reasons set forth in our already submitted briefing. While we explained on Wednesday that an escalation in litigation costs may impact settlement, and that it is questionable whether this approach is even productive, we will of course abide by the schedule the Court sets for oral argument on both motions. Furthermore, if we proceed in this way, then *all* motions should proceed — including Defendants' motions to dismiss. We will complete the supplemental briefing requested by Judge Block on the schedule So Ordered, and look forward to the Court resolving the legal issues that must be decided on the pending motions to dismiss if this case is to proceed.

Second, we note that Plaintiffs seem to want to change the timeline by asking that this Court issue an order permitting Plaintiffs to file certain documents on ECF on May 1. We are aware of *no change in circumstances* that would justify disturbing Judge Block's February 24, 2012 Order staying this Court's January 3 Order. Further, knowing that the settlement conference is ordered for May 23, 2012, Plaintiffs say they "reserve the right to accelerate the ECF filing of all appropriate documents *before May 1, 2012*, if the Plaintiffs believe settlement negotiations have stalled or reached impasse." This reservation of rights makes no sense for the reasons discussed at the conference, including the schedule that is now set by this Court. It also makes no sense if Plaintiffs are truly committed to the settlement process because their request would not improve the chances for a settlement.

Since the previous conference, Poly Prep has spent the intervening month working diligently to engage insurers and to resolve this matter. ACE's counsel and our firm have promptly scheduled and completed interviews of all nine original plaintiffs, including rescheduling interviews of two of these Plaintiffs who initially refused to be interviewed and then later changed their mind over the course of several weeks. We and ACE's counsel have also scheduled and conducted interviews of three new Plaintiffs added in March (one added as late as March 21, 2012), interviewing one before he was even formally added, and interviewing the other two within *days* of Plaintiffs' counsel adding them to the complaint. We have not wavered in our intentions and attempts to try to resolve this matter. If Plaintiffs now feel differently about their own commitment to settlement, then they should make that clear by applying directly to Judge Block for leave to abandon the Court-mandated settlement process, so that Poly Prep and the insurers are not all wasting our time. We trust that we are not and that the parties will proceed on the schedule now ordered by this Court.

* * *

O'MELVENY & MYERS LLP

Hon. Cheryl L. Pollak, April 2, 2012 - Page 3

Finally, as we noted to the Court, Plaintiffs' use of publicity does nothing but hurt the school and efforts to settle and does not speed the complex issues of insurance coverage. In that regard, we thank the Court for its assistance with the settlement process, and remain determined to trying to resolve this case expeditiously (which is in everyone's interest) with the Court and the commitment of all parties.

Respectfully submitted,

Jeffrey I. Kohn

*of* O'MELVENY & MYERS LLP

cc:   Hon. Frederic Block
      Kevin T. Mulhearn, Esq.
      Edward Flanders, Esq.
      Kimberly L. Buffington, Esq.
      Shiva Eftekhari, Esq.
      Philip Touitou, Esq.
      Concepcion Montoya, Esq.
      Harry Petchesky, Esq.