**KEVIN T. MULHEARN, P.C.**
ATTORNEYS AT LAW

60 DUTCH HILL ROAD, SUITE 8
ORANGEBURG, NEW YORK 10962

KEVIN T. MULHEARN

TEL: 845-398-0361
FAX: 845-398-3836
EMAIL: KMULHEARN@KTMLAW.NET
WWW.MULHEARNLAW.COM

**VIA FACSIMILE & ECF**

June 14, 2012

Hon. Cheryl L. Pollak
U.S. District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: <u>Zimmerman, et al. v. Poly Prep, CDS, et al.</u>: 09-CV-4586 (FB) (CLP)**

Dear Judge Pollak:

On behalf of Plaintiffs, I write to oppose Defendants' eleventh hour request to seek "clarification" of the aspect of the Court's June 5, 2012 Order (Document No. 265) that addresses the privilege log.

As a threshold matter, Defendants' characterization of their request as a "clarification" is disingenuous. Defendants are not seeking any clarity; rather, they are making a letter motion – without first raising this issue with Plaintiffs – for a substantial narrowing of their discovery obligations with respect to Defendants' privilege log.

This Court, in its June 30, 2011 Order (Document No. 132) set forth, with great clarity, the information that Local Civil Rule 26.2 (a)(2)(A) requires an applicant to provide when objecting to the production of a document on grounds of privilege.[1]

---

[1] This information includes: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document ... including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other. (6/30/11 Order at 5).

Defendants' so-called "clarification" request now asks this Court to have O'Melveny & Myers catalogue a more limited category of documents, which shall include only: "(1) O'Melveny communications with Mr. Sheridan about the Sheridan investigation; and (2) O'Melveny communications with Greenberg Traurig attorneys and former Greenberg Traurig attorneys regarding any investigation they conducted and the Sheridan investigation." (Emphasis added). The latter category proposed by Defendants is deceptively narrow and misleading, because O'Melveny & Myers has repeatedly represented to Your Honor in this action that Greenberg Traurig attorneys (i.e., Mr. MacLeish) never conducted an investigation of sexual abuse at Poly Prep.[2]

Defendants' "clarification" letter motion is made without any legal or factual support and ignores the procedural requirements of FRCP 37(a)(1) and Local Rule 37.3(a).

Especially given the Court's findings as set forth in the June 5, 2012 Order with respect to the false and misleading "investigation" of sexual abuse at Poly Prep, Plaintiffs respectfully request that this Court swiftly and categorically reject Defendants' letter motion for a narrowing or "clarification" of the Court's June 5, 2012 Order.

Plaintiffs also request that this Court reject Defendants' request for additional time to comply with the June 5, 2012 Order. O'Melveny & Myers is an international law firm that employs hundreds of attorneys and paralegals. Surely it had the ability to provide a detailed privilege log (as required by FRCP 26(a)) within ten days. Any request for more time, moreover, should have been made upon its receipt of the June 5, 2012 Order, and not at the eleventh hour.

Plaintiffs, finally, should have the ability to review a detailed privilege log and challenge any privilege designations prior to the June 20, 2012 oral argument on Defendants' motions to dismiss before Judge Block.

Thank you for your consideration of these issues.

Sincerely,

KEVIN THOMAS MULHEARN

KTM/sar

cc:  Edward Flanders, Esq.
     Kimberly Buffington, Esq.
     Jeffrey I. Kohn, Esq.
     Philip Touitou, Esq.
     Harry Petchesky, Esq.
     David G. Trachtenberg, Esq.

---

[2] Plaintiffs believe, of course, that these representations were categorically false and this point has been emphasized in Plaintiffs' pending fraud upon the Court motion.