UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JAMES ZIMMERMAN, PHILIP CULHANE,
DAVID HILTBRAND, WILLIAM JACKSON,
GEORGE ZAROU, JOHN JOSEPH PAGGIOLI,
(formerly "JOHN DOE I"), "JOHN DOE II," "JOHN DOE III,"
PHILIP C. HENNINGSEN (Formerly "JOHN DOE IV"),
PHILIP LYLE SMITH, "JOHN DOE V," and DAVID ZARNOCK,

                                              Plaintiffs,                    **09 CIV. 4586 (FB) (CLP)**

- against -

POLY PREP COUNTRY DAY SCHOOL, WILLIAM
M. WILLIAMS, DAVID B. HARMAN, VARIOUS
MEMBERS OF THE POLY PREP BOARD OF TRUSTEES,
WHOSE NAMES ARE CURRENTLY UNKNOWN AND
THUS DESIGNATED AS "JAMES DOE I-XXX,"
HARRY PETCHESKY, ESQ., ROBERT F. HERRMANN, ESQ.,
and MICHAEL NOVELLO,

                                              Defendants.
-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ROBERT F. HERRMANN'S MOTION FOR RELIEF, RECONSIDERATION AND/OR AMENDMENT OF CERTAIN STATEMENTS CONTAINED IN THE COURT'S JUNE 5, 2012 MEMORANDUM AND ORDER**

June 29, 2012

                        KEVIN T. MULHEARN, P.C.
                        Kevin T. Mulhearn
                        60 Dutch Hill Road, Suite 8
                        Orangeburg, New York 10962
                        Telephone: (845)398-0361

                        – and –

                        PILLSBURY WINTHROP SHAW PITTMAN, LLP
                        Edward Flanders
                        Kimberly L. Buffington
                        1540 Broadway
                        New York, New York 10036
                        Telephone: (212)858-1000

# TABLE OF CONTENTS

**PAGE**

**TABLE OF AUTHORITIES** ........ ii

**PRELIMINARY STATEMENT** ........ 2

**ARGUMENT** ........ 4

    I.   DEFENDANT HERRMANN'S MOTION IS PREMATURE ........ 4

    II.   THE COURT'S STATEMENTS PERTAINING TO DEFENDANT HERRMANN ARE NOT INACCURATE NOR PREJUDICIAL TO HIS INTERESTS ........ 5

    III.   OTHER SUBJECT STATEMENTS RELATE CLEARLY TO DEFENDANTS OTHER THAN DEFENDANT HERRMANN ........ 8

# TABLE OF AUTHORITIES

**PAGES**

**CASES:**

| | |
|---|---|
| *Avramides v. First Nat'l Bank of Maryland,* <br> 1997 WL 68559 (SDNY 1997). | 4 |
| *In re Grand Jury Subpoena Duces Tecum, Dated Sept. 15, 1983,* <br> 731 F.2d 1032 (2d Cir. 1984). | 6 |
| *Shrader v. CSX Transp., Inc.,* 70 F.3d 255 (2d Cir. 1995). | 2 |
| *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* <br> 956 F.2d 1245 (2d Cir. 1992). | 2 |

**STATUTES & TREATISES:**

| | |
|---|---|
| Fed. R. Civ. Pro. 59 (c) | 2 |
| Fed. R. Civ. Pro. 60 (b)(6) | 2 |
| Local Rule 6.3 for the Southern & Eastern District Courts of New York | 2 |

## PRELIMINARY STATEMENT

Plaintiffs hereby respectfully submit this memorandum of law in opposition to Defendant Robert F. Herrmann's ("Herrmann") motion for relief, reconsideration and/or amendment of certain statements contained in the Court's June 5, 2012 Memorandum and Order (Document No. 264, the "Order"), pursuant to FRCP 60 (b)(6) and 59 (c) and Local Rule 6.3. As a preliminary matter, Herrmann's motion fails to satisfy the standard for reconsideration. As Herrmann readily admits, a reconsideration motion is appropriate only when the moving party "can point to controlling decisions or data that the Court overlooked – matters in other words, that might reasonably be expected to alter the conclusion reached by the Court" (citing, Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)) or "to correct clear error or prevent manifest injustice" (citing, Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). Here, Herrmann has not and cannot point to any controlling legal decision or evidence that would have altered the Court's conclusion. Likewise, since nothing in the Order punishes or prejudices Herrmann or his due process rights, there is no basis to conclude that altering the Order would correct any error or prevent a "manifest injustice."

The Order addressed Plaintiffs' motion for (i) a ruling that the crime-fraud exception to the attorney-client privilege was applicable and required limited disclosure of communications between Poly Prep and its counsel; and (ii) sanctions against Defendants (excluding Defendant Herrmann) based on an alleged fraud upon the Court.

Ultimately, the Order provided that: (i) Plaintiffs had established a sufficient good faith basis that there was probable cause that certain communications between Poly Prep and its counsel may have been used in furtherance of a fraudulent scheme by Poly Prep and certain named Defendants to conceal the extent of their prior knowledge of sexual abuse allegations pertaining to Mr. Foglietta from alumni and thus dissuade potential victims from commencing a lawsuit against Poly Prep (Order at 42-43); and (2) issues of credibility needed to be determined by the Court pursuant to an evidentiary hearing before the Court could make a decision on the merits of Plaintiffs' fraud upon the Court argument. (Order at 72).

The Order mandated that Defendants provide the Court with various documents for *in camera* examination for the Court to determine whether to invoke the crime-fraud exception to the attorney-client privilege. Upon information and belief, Defendants have complied with that part of the Order.

The Order also scheduled an evidentiary hearing on Plaintiffs' fraud upon the Court motion for July 19, 2012. On Friday, June 22, 2012, though, the Court indicated that the evidentiary hearing would likely not be going forward on July 19, 2012, as Judge Block needs time to review and decide Defendants' appeal (which has been filed) of this Court's June 5, 2012 Order.

Defendant Herrmann seeks an amendment of several statements that relate, or may relate, to Herrmann, on the alleged basis that they are inaccurate and/or ambiguous, and may have a prejudicial effect upon Herrmann. As the Court's Order relates to Herrmann, the Court's statements were limited to conclusions drawn from Herrmann's own notes and percipient witness testimony, not to any unreliable or debatable hearsay statements. As such and for reasons set forth herein, except as stated below, Herrmann's motion is without merit and should be denied.

3

## ARGUMENT

### I. DEFENDANT HERRMANN'S MOTION IS PREMATURE

As a threshold matter, Herrmann's motion is premature[1] because this Court has not issued an explicit finding that the crime-fraud exception applied to some of Poly Prep's communications with Herrmann, or that Herrmann (or, for that matter, any of the Defendants) have engaged, or are engaging, in a fraud upon the Court.

To the contrary, this Court concluded merely that: (1) "[t]he evidence suggests that *in camera* review may reveal evidence that the crime-fraud exception applied to some of the school's communications with Herrmann;" and (2) "because credibility issues are critical to a determination of the plaintiffs' motion [for fraud upon the Court sanctions], the Court reserves decision on the motion for sanctions pending an evidentiary hearing." (Order at 43 & 72).

This Court, moreover, made clear that the crime-fraud exception may apply "even if the attorney is unaware that his advice is sought in furtherance of a crime or fraud." (Order at 17, citing, Avramides v. First Nat'l Bank of Maryland, 1997 WL 68559, at *1 (SDNY 1997). Given this Court's qualified and limited Order, Herrmann has suffered no prejudice from the Court's findings. For this reason alone, Herrmann's motion should be denied.

---

[1] The Motion is also premature as the Defendants have an appeal currently pending to Judge Block to overturn Judge Pollak's June 5, 2012 Order.

4

## II. THE COURT'S STATEMENTS PERTAINING TO DEFENDANT HERRMANN ARE NOT INACCURATE NOR PREJUDICIAL TO HIS INTERESTS

As an initial matter, Herrmann contends that it is unfair for the Court to issue any findings regarding Poly Prep's potential fraud on the Court if that fraud relates in any way to Herrmann's services. Herrmann's principal complaint is that he was not a party to the case when the motions were filed and thus was denied an opportunity to defend himself. However, as Herrmann acknowledges, the motions were not directed at Herrmann but rather at Poly Prep. Moreover, as this Court noted, Herrmann need not be aware that Poly Prep was using his services for fraud in order for the Court to find a reasonable probability that Poly Prep (not Herrmann) committed fraud. Moreover, Herrmann's client, Poly Prep, fully and vigorously opposed the motions in question, thus providing Poly Prep's privilege with adequate protection.

The gravamen of Herrmann's argument is that the Court made four statements which he characterizes as "inaccurate," "ambiguous," and/or prejudicial to Herrmann's interests. As to each of these statements, Herrmann's argument is baseless:

Specifically, the Court maintained that:

> [i]n light of Herrmann's significant involvement in retaining Sheridan and directi ng interviews, and his communications with Sheridan regarding Sheridan's purported 'findings,' the Court finds that there is a sufficient factual basis to support a good faith belief that Poly Prep may have communicated with Herrmann in furtherance of their attempted concealment. (Order at 43).

5

The above statement of the Court is grounded on a number of <u>accurate</u> facts which the Court noted in its Order: (1) Herrmann was Poly Prep's counsel and Mr. Sheridan's principal liaison with the school, and Sheridan's letter of engagement with Poly Prep states that Sheridan's services were to be performed in collaboration with Poly Prep's counsel, Menaker & Herrmann LLP. (Order at 43); (2) "Sheridan conducted only seven interviews before his investigation was terminated and admittedly before he had exhausted the avenues he had identified for further investigation." (Order at 37); (3) "it appears that defendants did not provide Mr. Sheridan with sufficient facts necessary for him to discover the truth." (Order at 38); (4) "[Mr.] Sheridan's prematurely-truncated inquiry is more properly characterized as a series of interviews that raised questions and provided very few answers." (Order at 39); (5) "on November 8, 2002, Sheridan gave Mr. Herrmann a description of the interviews he had conducted up to that point." (Order at 43); and (6) "Apart from Mr. Sheridan's own recollection, Mr. Herrmann's notes from that conversation are the only remaining evidence of Mr. Sheridan's purported "findings." (Order at 43).

The latter part of the statement at issue provides that the Court found a "good faith belief that Poly Prep may have communicated with Herrmann in furtherance of <u>their</u> attempted concealment." (Order at 43 (emphasis added)). This clause demonstrates that the Court emphasized the potential culpability of <u>Poly Prep</u> - not Herrmann. The Court's statement is also consistent with its conclusion stressing that "the crime-fraud exception applies only where the <u>client's objective</u> in communicating with his attorney is furthering the client's fraud." (Order at 16, <u>citing</u>, In re Grand Jury Subpoena Duces Tecum, Dated Sept. 15, 1983, 731 F.2d 1032, 1039 (2d Cir. 1984) (emphasis added)). Thus, Herrmann's purported intentions or efforts to "defend himself" are simply not relevant to the Court's analysis in rendering its Order.

6

Moreover, if Herrmann disputes the Court's conclusions regarding Poly Prep's conduct and probable intent, Herrmann will have an opportunity to publicly do so at a subsequent proceeding such as an evidentiary hearing. At such a proceeding, Herrmann will have the opportunity to confront and cross-examine witnesses, or to provide testimony or other evidence which support Poly Prep's version of events. Until that time, however, Herrmann has not suffered any prejudice or violation of his due process rights from the Court's limited and qualified Order.

Since the Court has not issued <u>any</u> conclusions or findings which have decided any of the key ultimate issues that will be vetted at the evidentiary hearing and since Herrmann was not even the direct subject of Plaintiffs' two sanctions motions, Herrmann has not been prejudiced. Thus, his argument for reconsideration is both meritless and premature.

Second, the Court's statement regarding Poly Prep's report to Plaintiff Hiltbrand's prior counsel is true and fails to prejudice Herrmann. The Court held that:

> Defendants' report to Hiltbrand's counsel, while technically true, appears not to have been made entirely in good faith. (Order at 39).

This statement bears directly upon Herrmann's conduct in reporting to Plaintiff David Hiltbrand's counsel, "near the conclusion of Sheridan's interviews that the investigation produced no evidence of first-or second-hand knowledge of anyone at the school." (Order at 39).

As Plaintiffs demonstrated at length in their motion papers, Mr. Sheridan himself received substantial information, and thus had serious concerns in his mind – that various faculty members and administrators at Poly Prep <u>did</u> have knowledge of numerous sexual abuse complaints prior to Mr. Williams' receipt of Plaintiff Hiltbrand's February 2002 letter. (See

7

Order at 20-24). Accordingly, the subject statement has a solid foundation and cannot be described fairly as inaccurate. Nor is it prejudicial to Herrmann as – again – he will have an opportunity to directly address this issue, through cross-examination and/or proffered evidence, at a subsequent hearing.

### III. OTHER SUBJECT STATEMENTS RELATE CLEARLY TO DEFENDANTS OTHER THAN DEFENDANT HERRMANN

Herrmann also takes issue with the following two statements:

- There is a judicial basis to support a good faith belief that [*Defendants*] may have used the 'investigation' as a way to further conceal *their* knowledge and discourage victims from coming forward with claims against the school. (Order at 39) (emphasis added).

- In light of the facts discussed here and in the Court's April 13, 2011 Memorandum and Order, the Court finds that there is a sufficient basis to a good faith belief that Poly Prep and *certain of the individual defendants* took steps to conceal their prior knowledge of Foglietta's sexual misconduct in the period leading up to and including the 2002 letter to alumni and the 2002 communication with Hiltbrand's attorney." (Order at 40 (emphasis added)).

Read in context, these two statements refer clearly to the "prior knowledge" of individual Defendants other than Herrmann. Indeed, while these statements make clear that Herrmann was the conduit for conveying Poly Prep's alleged lack of knowledge of prior sexual abuse complaints against Mr. Foglietta to David Hiltbrand's attorney, the individuals who may have had this prior knowledge (i.e., Messrs. Williams and Petchesky) were, implicitly, not Herrmann.

8

Plaintiffs therefore consent to the Court's clarification of this point, if deemed necessary. Of course, at a subsequent proceeding such as an evidentiary hearing or trial, the fact-finder may well determine that Herrmann engaged in fraudulent conduct. As this Court has not yet made that ultimate conclusion and Herrmann retains every constitutionally protected right to defend himself from that charge, the aforesaid statements, as clarified (if necessary), do not in any way prejudice Herrmann's rights or interests.

Dated: June 29, 2012

Respectfully submitted,

KEVIN T. MULHEARN, P.C.

/s Kevin T. Mulhearn
By: Kevin T. Mulhearn, Esq.
60 Dutch Hill Road, Suite 8
Orangeburg, New York 10962
Telephone: (845)398-0361

– and –

PILLSBURY WINTHROP SHAW PITTMAN, LLP

/s Edward Flanders
By: Edward Flanders, Esq.
 Kimberly Buffington, Esq.
1540 Broadway
New York, New York 10036
Telephone: (212)858-1000