UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JAMES ZIMMERMAN, PHILIP CULHANE,
DAVID HILTBRAND, WILLIAM JACKSON,
GEORGE ZAROU, JOHN JOSEPH PAGGIOLI
(Formerly "JOHN DOE I"), "JOHN DOE II,"
"JOHN DOE III," PHILIP C. HENNINGSEN
(Formerly "JOHN DOE IV"), PHILIP LYLE
SMITH, "JOHN DOE V," and DAVID ZARNOCK,

      Plaintiffs,

-against-

POLY PREP COUNTRY DAY SCHOOL,
WILLIAM M. WILLIAMS, DAVID B. HARMAN,
VARIOUS MEMBERS OF THE POLY PREP
BOARD OF TRUSTEES, WHOSE NAMES ARE
CURRENTLY UNKNOWN AND THUS
DESIGNATED AS "JAMES DOE I-XXX,"
HARRY PETCHESKY, ESQ., ROBERT F.
HERRMANN, ESQ. and MICHAEL NOVELLO,

      Defendants.

Case No.  09-CV-4586 (FB) (CLP)

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
ROBERT F. HERRMANN'S MOTION FOR RELIEF, RECONSIDERATION
AND/OR AMENDMENT OF CERTAIN STATEMENTS CONTAINED IN
THE COURT'S MEMORANDUM AND ORDER DATED JUNE 5, 2012**

Philip Touitou [PT-4302]
Concepcion A. Montoya [CM-7147]
Hinshaw & Culbertson LLP
Attorneys for Defendant Robert F. Herrmann, Esq.
780 Third Avenue, 4th Floor
New York, New York 10017
Tel: (212) 471-6200
Fax: (212) 935-1166

## **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................2

   A. Herrmann's Notes And Witness Testimony
     Do Not Support The Court's Statements ....................................................................3

   B. The So-Called "Facts" Cited By Plaintiffs Do
     Not Support The Court's Statements ..........................................................................5

   C. The Other Statements Present A Risk Of
     Predudice To Herrmann's Defenses ...........................................................................6

CONCLUSION.................................................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

**CASES:**

*Anwar v. Fairfield Greenwich Ltd.*,
   745 F.Supp.2d 379 (S.D.N.Y. 2010)......................................................................................2

*Playboy Enterprises, Inc. v. Dumas*,
   960 F.Supp. 710 (S.D.N.Y. 1997)...........................................................................................2

*Rossi v. Goord*,
   2007 WL 952051 (N.D.N.Y. 2007) .......................................................................................2

*Sagendorf-Teal v. County of Rensselaer*,
   100 F.3d 270 (2d Cir. 1996)....................................................................................................2

*United States v. Sekhar*,
   _ F.3d _, 2012 WL 2382652 (2d Cir. 2012) ...........................................................................8

*United States v. Tropiano*,
   418 F.2d 1069 (2d Cir. 1969)..................................................................................................8

**PRELIMINARY STATEMENT**

Defendant Robert F. Herrmann, Esq. ("Herrmann") respectfully submits this reply memorandum of law in further support of his motion for relief, reconsideration and/or amendment of certain statements contained in the Court's Memorandum and Order dated June 5, 2012 (the "Order") pursuant to Fed.R. Civ. P. 60(b)(6) and 59(e) and Local Rule 6.3.  The Order addressed Plaintiffs' motions for (i) a ruling that the crime-fraud exception to the attorney-client privilege was applicable and required disclosure of protected communications between Defendant Poly Prep Country Day School ("Poly Prep") and its attorneys, including Herrmann; and (ii) sanctions against Defendants based on an alleged fraud upon the Court relating to certain pre-answer discovery.

Herrmann requests that several statements or conclusions contained in the Order, which were drawn from Plaintiffs' allegations and limited discovery, directly or ambiguously relating to Herrmann, be amended to correct their potentially prejudicial effect, as Herrmann was (i) not a party to the action when Plaintiffs' made their crime-fraud exception motion; and (ii) not a target of Plaintiffs' sanctions motion.  Only a single claim by one of the Plaintiffs, David Hiltbrand ("Hiltbrand"), remains pending against Herrmann, and Plaintiffs have conceded that the motions to which the Order responded did not intend to seek findings of fact against Herrmann.  *See* Third Amended Complaint; Declaration of Philip Touitou, dated June 19, 2012 ("Touitou Decl."), Exh. 1.

Yet, despite Plaintiffs' concessions, they now oppose Herrmann's motion to clarify certain statements by the Court, claiming that they should nevertheless remain in the record because they are accurate and/or do not pose the potential for confusion as to claims against Herrmann.  Plaintiffs' position is misguided and lacks evidentiary support.  Contrary to Plaintiffs' implication that Poly Prep's "full and vigorous" opposition to the crime-fraud

exception and sanctions motions adequately addressed Herrmann's interests, as a defendant that has been separately accused, Herrmann's interests as an attorney are distinct from Poly Prep. The Court's statements were made without Herrmann having been able to give evidence, take discovery or even respond to Plaintiffs' underlying motions.[1]  To ensure fairness to Herrmann's ability to defend himself and avail of due process, the inaccurate and ambiguous statements cited in his moving motion papers should be either amended to avoid any potential prejudice to Herrmann or eliminated in their entirety.

## ARGUMENT

Plaintiffs contend that Herrmann's motion fails to satisfy the standard for reconsideration. A court may grant reconsideration to "avoid clear error and prevent manifest injustice." *See Anwar v. Fairfield Greenwich Ltd.*, 745 F.Supp.2d 379, 383-84 (S.D.N.Y. 2010) (prevention of manifest injustice required reconsideration where dismissal of one plaintiffs' negligence claims resulted from the collective plaintiffs' joint response to motion to dismiss, which did not allow each plaintiff to respond with the specificity necessary to defend their own complaint); *Rossi v. Goord*, 2007 WL 952051, *3 (N.D.N.Y. 2007) (on a motion for reconsideration to avoid clear error and prevent manifest injustice, an excessive force claim was reinstated, as the dismissal of the claim exceeded the scope of relief requested in the underlying motion to dismiss).

Here, statements were made by the Court without Herrmann having the opportunity to challenge the evidence offered, present new evidence or counter arguments. Indeed, as to the

---

[1]   Plaintiffs also argue that Herrmann's motion is "premature" because the Court has not issued an explicit finding on the crime-fraud exception and has reserved decision on the motion for sanctions pending an evidentiary hearing.  *See* Plaintiffs' Memorandum In Opposition to Herrmann's Motion ("Opp MOL"), p. 4. However, the fact remains that the statements are now part of the record.  The issues raised by Herrmann in his motion for reconsideration should not be permitted to become law of the case under such circumstances where he has had no opportunity to be heard concerning the underlying evidence.  *See Sagendorf-Teal v. County of Rensselaer*, 100 F.3d 270, 277 (2d Cir. 1996); *Playboy Enterprises, Inc. v. Dumas*, 960 F.Supp. 710, 716-17 (S.D.N.Y. 1997) (doctrine of law of the case dictates that unreversed factual findings and legal conclusion should not be disturbed absent changed law, changed circumstances or clear error).  To leave the statements uncorrected could result in potentially serious prejudice to Herrmann's defenses.

underlying motions, Herrmann was not ever a party when the crime-fraud motion was made, and was a newly-joined party when the sanctions motion was made. After Herrmann was added by the Second Amended Complaint but while the underlying motions remained pending (a period of approximately eleven months), all of the Plaintiffs – save for Hiltbrand – withdrew all of their claims against Herrmann. As for the remaining Plaintiff, Hiltbrand seven of his eight claims were withdrawn, leaving only a single claim for common law fraud pending against Herrmann. Given this state of pleadings, Plaintiffs' opposition to the instant motion should be limited to only Hiltbrand. Moreover, Herrmann's inability to respond to contentions identified by the Court as supportive of its statements against him present serious issues of due process. Fundamentally, Herrmann has not been afforded an opportunity to counter evidence that underlies the statements. Accordingly, as further discussed below, Herrmann's motion should be granted.

**A.   Herrmann's Notes And Witness Testimony Do Not Support The Court's Statements**

The following inaccurate statement relating directly to Herrmann appears in the Order:

- *"In light of Herrmann's significant involvement in retaining Sheridan and directing his interviews, and his communications with Sheridan regarding Sheridan's purported 'findings,'* the Court finds that there is a sufficient factual basis to support a good faith belief that Poly Prep may have communicated with Herrmann in furtherance of their attempted concealment." Order at 43 (emphasis added).

Plaintiffs claim that the Court's statements regarding Herrmann were "limited to conclusions drawn from Herrmann's own notes and percipient witness testimony." *See* Opp. MOL, p.3. This is simply incorrect, as the above cited statement adopts assumptions contrary to, and well-beyond, the text of Herrmann's notes and the limited testimony offered. Indeed, nothing contained in Herrmann's notes of his conversation with Sheridan compels the conclusion

that Herrmann had "significant involvement in retaining Sheridan and directing his interviews." There has been no discovery from Herrmann as to his involvement, and the evidence from other witnesses contradicts the notion that Herrmann's involvement was "significant" in either scope or duration.

In fact, Sheridan testified that he was initially contacted by an attorney named Lawrence Schoenbach who he believed was either counsel to Poly Prep or a member of the Board of Directors. *See* Transcript of the Deposition of Peter T. Sheridan on June 27, 2011, pp.11-12 (attached to the Complaint as Exhibit R). Sheridan also testified that he never met with Herrmann in person, and his contact with Herrmann was limited to a few telephone communications. *See id.* at p.16. Further, while Sheridan's engagement letter stated that his investigation would be conducted "in collaboration with Menaker & Herrmann" in his engagement letter, there is no evidence that the letter was either drafted or vetted for accuracy by Herrmann or that, in fact, there was such a collaboration.[2]

Moreover, the Court itself concluded from Plaintiffs' selected excerpts of David Harman's ("Harman") deposition testimony that it appeared to be Harman, not Herrmann, who prepared a list of people for Sheridan to interview and who provided Sheridan with contact information from those individuals. *See* Order at 10.

---

[2] Likewise, the "conversations" between Herrmann and Sheridan referenced in the engagement letter do not appear to involve any decision about Sheridan's retention made by Herrmann but discusses issues such as a lower hourly rate due to Poly Prep's not-for-profit status. Herrmann should have been given a chance to explain such communications before any inferences or conclusions were made. His pending motion to dismiss, of course, may render that necessity moot.

**B.     The So-Called "Facts" Cited By Plaintiffs
        Do Not Support The Court's Statements**

Plaintiffs further argue that the above-cited conclusion is "grounded" on a number of "accurate" facts previously noted in the Order. *See* Opp. MOL, p 5-6.  Ultimately, such "facts" are based upon Plaintiffs' own unsupported allegations in the Complaint or incomplete excerpts of limited discovery depositions submitted in support of their motions.

However, whether or not the statements cited by Plaintiffs are "accurate," none of the so-called facts relate to any conduct by Herrmann, or conclusively lead to the conclusion that Herrmann was either involved, significantly or otherwise, in retaining Sheridan or directing his interviews.[3]  For instance, the following "facts" cited by plaintiffs do not implicate any conduct on Herrmann's behalf:

- "Sheridan conducted only seven interviews before his investigation was terminated and admittedly before he had exhausted the avenues he had identified for further investigation;"

- "[I]t appears that defendants did not provide Mr. Sheridan with sufficient facts necessary for him to discover the truth;" and

- "[Mr.] Sheridan's prematurely-truncated inquiry is more properly characterized as a series of interviews that raised questions and provided very few answers."

*See* Opp. MOL, p. 6.

Similarly, the following statements merely set forth that Sheridan related his findings to Herrmann, which occurred near the conclusion of his investigation:

- "[O]n November 8, 2002, Sheridan gave Mr. Herrmann a description of the interviews he had conducted up to that point;" and

---

[3] Plaintiffs also cite the Sheridan engagement letter. *See* Opp. MOL, p. 6.  As discussed above, there is no evidence that the engagement letter was prepared by Sheridan with input from Herrmann.  As such, no inferences or conclusions should be drawn that implicate Herrmann from the language of the engagement letter.

- "Apart from Mr. Sheridan's own recollection, Mr. Herrmann's notes from that conversation are the only remaining evidence of Mr. Sheridan's purported "findings."
- 

*See* Opp. MOL, p. 6.

Plaintiffs fail to establish any support for the accuracy of the Court's conclusion concerning Herrmann's involvement in the retention of Sheridan or the direction of his investigation, and, accordingly, the statement objected to on this motion should be modified to remove language describing the extent of Herrmann's involvement with the investigation and his communications regarding the investigation.

### C. The Other Statements Present A Risk Of Prejudice To Herrmann's Defenses

Herrmann cited three additional statements contained in the Order that, because of their ambiguity, might later be used to contend that findings have somehow been made as to Herrmann's knowledge or conduct. Theses statements should be made more explicit to exclude Herrmann.[4] One of the cited statements remains in contention:

---

[4] While Plaintiffs argue that two of the cited statements, when read in context, do not refer to the "prior knowledge" of Herrmann, they consent to Herrmann's request that the Court clarify these statements to make clear that Herrmann is not included as one of the "Defendants" referred to in the statement. Those statements are:

- "[T]here is a factual basis to support a good faith belief that *[Defendants]* may have used the 'investigation' as a way to further *their* efforts to conceal *their* knowledge and discourage victims from coming forward with claims against the school." Order at 39 (emphasis added).

- "In light of the facts discussed here and in the Court's April 13, 2011 Memorandum and Order, the Court finds that there is a sufficient basis to support a good faith belief that Poly Prep and *certain of the individual defendants* took steps to conceal their prior knowledge of Foglietta's sexual misconduct in the period leading up to and including the 2002 letter to alumni and the 2002 communication with Hiltbrand's attorney." Order at 40 (emphasis added).

It is further noted that plaintiffs have not objected to Herrmann's request that the portion of the Order with respect to plaintiffs' sanctions motion, be amended to reflect that Herrmann was, and is, not a target of such motion. This is consistent with plaintiffs' counsel's letter confirming that Herrmann was not a target of the sanctions motion. *See* Touitou Decl., Exh. 1. However, Plaintiffs' attempt to "muddy the waters" by stating in their opposition that "Herrmann was not even the *direct* subject of Plaintiffs' two sanctions motions." *See* Opp. MOL, p.

6

- "*[D]efendants'* report to Hiltbrand's counsel, while technically true, appears not to have been made entirely in good faith." *Id.* (emphasis added).

In attempting to support their position that the above statement is "true and fails to prejudice Herrmann," Plaintiffs do exactly what Herrmann fears - they attribute an aggregated statement about "defendants" generally to Herrmann. Specifically, in an example of creative quoting, Plaintiffs take advantage of the ambiguity of the term "defendants" to argue that the above-referenced "statement bears directly upon *Herrmann's conduct in reporting* to Plaintiff David Hiltbrand's counsel, 'near the conclusion of Sheridan's interviews[,] that the investigation produced no evidence of first-or second-hand knowledge of anyone at the school.'" *See* Opp. MOL, p. 7 (emphasis added). By contrast, the text of the actual statement in the Order provides that "*[d]efendants reported* back to Hiltbrand's attorney near the conclusion of Sheridan's interviews that the investigation had produced no evidence of first-or second-hand knowledge of anyone at the school." Order at 39 (emphasis added).[5]

Further, Plaintiffs' claim that the statement is based upon a "solid foundation" merely cites to the Court's recitation of Plaintiffs' allegations and arguments in support of their motions. *See* Opp. MOL, p.7-8 (citing Order at 20-24). The fact remains that, having had no opportunity to respond to Plaintiffs' motions, the Court's statements which ambiguously include Herrmann as one of the "defendants" should be amended to avoid prejudice to Herrmann.

Moreover, statements concerning the extent of Herrmann's "good faith" (Order at 42-43), negatively impacts his reputation and could directly impair his right to practice law. Because

---

7 (emphasis added). Herrmann continues to request that the Court clarify the Order to provide that he was neither a direct nor indirect target of plaintiffs' sanctions motion.

[5]    The ambiguous statements in the Order were also implicitly relied upon by Plaintiffs' counsel at the June 22, 2012 hearing before the Court when he referred to "Herman['] (sic) misrepresentations." *See* Transcript of June 22, 2012 Hearing, p. 19 [Docket No. 293].

7

Herrmann has not had an opportunity to respond to Plaintiffs' allegations, his due process rights are violated by such statements. *See United States v. Tropiano*, 418 F.2d 1069, 1076 (2d Cir. 1969) (the right to pursue a lawful business has long been recognized as a property right within the protection of the Fifth and Fourteen Amendments of the Constitution). *Cf. United States v. Sekhar*, _ F.3d _, 2012 WL 2382652, *4 (2d Cir. 2012) (the property right to pursue a lawful business found to support a lawyer's property right in rendering sound legal advice free from conflict under the Hobbs Act).

## CONCLUSION

For the foregoing reasons, Herrmann respectfully requests that the following amendments be made to the Order:

1. With respect to the statements regarding "*Herrmann's significant involvement in retaining Sheridan and directing his interviews, and his communications with Sheridan regarding Sheridan's purported 'findings*" (Order at 43), that this portion of the Order be modified to remove language describing the extent of Herrmann's involvement with the investigation and his communications regarding the investigation;

2. With respect to the statements regarding Herrmann's communications with Hiltbrand's attorney, Berger, that this portion of the Order be deleted;

3. With respect to the statement holding that there exists a factual basis to support the conclusion that Defendants used the investigation as a means of concealing their knowledge of the alleged abuse (Order at 39-40), that the Court amend the Order to clarify that Herrmann is not included as one of the Defendants being referred in that statement;

4. With respect to the statements regarding Poly Prep's communications with its alumni, that this portion of the Order be amended to make clear that Herrmann is not included as one of the Defendants being referred to in that statement; and

5. With respect to Plaintiffs' sanctions motion, that this portion of the Order be amended to reflect that Herrmann is not a target of the sanctions motion.

Dated: New York, New York
July 11, 2012

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP
        *Attorneys for Defendant*
        *Robert F. Herrmann*

By:    s/*Philip Touitou*
        Philip Touitou [PT-4302]
        Concepcion Montoya [CM-1747]
        780 Third Avenue, 4th Floor
        New York, NY 10017-2024
        (212) 471-6200

9